IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIMBERLY M. ANDERSON,                )
                                     )
              Plaintiff,             )
                                     )        CASE NO. 1:20-cv-865-JTA
v.                                   )               (WO)
                                     )
KILOLO KIJAKAZI,                     )
Acting Commissioner of Social Security, )
                                     )
              Defendant.             )
                                     )

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Kimberly Michell Anderson ("Anderson"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner").  (Doc. No. 1.)[1]  The Commissioner denied Anderson's claim for a period of disability and Disability Insurance Benefits ("DIB").  The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Docs. No. 9, 10.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I.      PROCEDURAL HISTORY AND FACTS

Anderson was 40 years old at the time of her alleged disability onset date of March 12, 2017.  (R. 41.)[2]  She has a General Education Degree ("GED") and vocational training as a pharmacy tech.  (R. 54, 171.)  Her work history consists of employment as a check cashier, a pharmacy tech, and an outpatient register.  (R. 171.)  Anderson sought a disability determination due to physical conditions, namely fibromyalgia, Type II diabetes, anemia, and vitamin D deficiency.  (R. 170, 203, 210.)

On April 14, 2018, Anderson protectively filed a Title II application (42 U.S.C. §§ 401, *et seq*.) for a period of disability and disability insurance benefits.  (R. 67.)  Each of these claims was denied initially on May 31, 2018.  (R. 75.)  Anderson requested an administrative hearing on June 13, 2018.  (R. 217.)  The hearing was held virtually on November 22, 2019.  (R. 39-66.)  The Administrative Law Judge ("ALJ") returned an unfavorable decision on December 17, 2019.  (R. 35.)

Anderson requested a review of the ALJ's decision by the Appeals Council on February 14, 2020.  (R. 141-42.)  The Appeals Council found no reason to change the ALJ's decision and denied her request for review on September 11, 2020.  (R. 1.)  Upon the Appeals Council's denial, the ALJ's ruling became the final decision of the

---

[2] Citations to the Social Security Transcript of Administrative Proceedings, which was filed with the Court (*see* Doc. No. 16), are designated as "R."

Commissioner.[3]   Anderson then brought this action for judicial review of the Commissioner's final decision.  (Doc. No. 1.)  This matter is ripe for review.

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled

---

[3] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

to the same deference as findings of fact and are reviewed *de novo. Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505.  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.  The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  "Substantial gainful activity" is work activity that involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  If the ALJ

finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number

of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c).

### IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Anderson met the insured status requirements of the Social Security Act through June 30, 2022.  (R. 41.)  The ALJ also found that Anderson had not engaged in substantial gainful activity since March 12, 2017.  (R. 30.)  The ALJ further found Anderson had severe impairments of obesity, fibromyalgia, and diabetes.  (R. 31.)  Nevertheless, the ALJ concluded that Anderson's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart B, Appendix 1.  (R. 32.)

After consideration of the entire record, the ALJ determined that Anderson retains the RFC to perform sedentary work[4] as defined in 20 C.F.R. § 404.1567(a), except she can only occasionally balance and stoop.  The ALJ found the following workplace limitations applicable to Anderson:

> She can never kneel, crouch, or crawl. She can frequently handle and finger with her right arm. She can frequently reach with her right arm. She can never reach overhead with her right arm. She must avoid even moderate exposure to unprotected heights and moving machinery.

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking around and standing are required occasionally and other sedentary criteria are met." 20 C.F.R § 404.1567(a).

(R. 33.)  In accordance with this RFC, the ALJ found Anderson is capable of performing past relevant work as a check cashier, since this work does not require the performance of work-related activities precluded by her RFC.  (R. 34.)

The ALJ concluded that, considering Anderson's age, education, work experience, and RFC, she is capable of performing her past relevant work as a check cashier as that job is generally performed in the national economy.  (R. 34-35.)  The ALJ further concluded that Anderson has not been under a disability from March 12, 2017, through December 17, 2019, the date of the ALJ decision.  (R. 35.)  The ALJ found that based on the application for a period of disability and DIB filed on April 14, 2018, Anderson is not disabled under sections 216(i) and 223(d) of the Social Security Act.  (*Id*.)

## V.    DISCUSSION

First, Anderson argues the ALJ misclassified her past relevant work and therefore erroneously found that she could return to her past relevant work.  (Doc. No. 14 at 6.)  In the same vein, she argues the ALJ failed to identify or resolve an apparent conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").  (*Id.* at 10.)  Second, she argues the ALJ's RFC finding is inconsistent with his acceptance of the opinion of Dr. Yusef Williams.  (*Id.* at 11.)

In response, the Commissioner argues that Anderson failed to meet her burden of proving that she could not perform her past relevant work as a check cashier.  (Doc. No. 15 at 3.)  The Commissioner also asserts that substantial evidence supports the ALJ's assessment of Anderson's RFC.  (*Id*. at 6.)  While the Commissioner concedes that the VE and ALJ cited an incorrect DOT number, he correctly points out that the DOT "includes

an occupation titled check cashier, section number 211.462-026, which corresponds to the occupation described by [Anderson] and the VE." (Doc. No. 15 at 5.)  Moreover, the Commissioner contends that the citation of the incorrect DOT number by the VE and ALJ was harmless error and Anderson "cannot show that she was prejudiced by the citation to the incorrect number." (*Id.*)  The Commissioner concludes that substantial evidence supports the final decision. (*Id.* at 10.)

The Court addresses each argument below.

A.  Past Relevant Work

Anderson argues that the VE mischaracterized her past relevant work as "a check cashing clerk or a check cashier . . . [DOT#] 201.462-010[,]" because a review of the DOT shows that job # 201.462.010 does not exist. (Doc. No. 14 at 7.)  Due to this error, Anderson argues a reviewing court is unable to determine what job the VE or ALJ alleges she has the ability to perform. (*Id.*)  Further, Anderson argues that the ALJ found she can perform no more than sedentary work and then inconsistently found that she would perform her past relevant work as a check cashier, which requires light, unskilled work. (*Id.* at 8.)

The ALJ found that Anderson had past relevant work as a check cashier, DOT# 211.462-010, which was "generally performed at [s]edentary and actually performed at [m]edium" exertional level. (R. 34.)  The ALJ also found that Anderson had past relevant work as a pharmacy technician, DOT# 074.382-010, which was "generally performed at [l]ight and actually performed at [h]eavy" exertional level. (Id.)  The ALJ noted that the VE testified Anderson "is able to perform past work as a check cashier as that job is generally performed in the national economy." (R. 35.)  The VE testified that Anderson

8

had worked as a "check cashing clerk or a check cashier," which is "DOT# 201.462-010[,]" and the work was "generally performed as a sit down job, sedentary." (R. 61.) The VE then testified in response to numerous hypotheticals posed by the ALJ. (R. 63-65.) The VE also testified that he understood that if his opinion conflicted with the information in the DOT, he needed to advise the ALJ of the conflict and the basis of his opinion. (R. 59.) The ALJ concluded that Anderson had the RFC to perform sedentary work with some limitations relating to her ability to move. (R. 33.)

Generally, a claimant is not disabled if he or she can perform past relevant work, "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). During step four of the five-step sequential evaluation process, the ALJ must (1) assess the claimant's RFC and (2) identify the "physical and mental demands" of the claimant's past work to determine if those demands are compatible with the claimant's current abilities. *Holder v. Soc. Sec. Admin.*, 771 F. App'x 896, 897 (11th Cir. 2019) (quoting 20 C.F.R. § 416.945(a)(1)). "The regulations require that the claimant not be able to perform [her] past kind of work, not that [s]he merely be unable to perform a specific job [s]he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986).

The Court disagrees with Anderson's argument that the reference to the wrong DOT job number by the ALJ and VE warrants remand. The DOT incorporates an occupation titled check cashier, section number 211.462-026, which is analogous to the occupation described by the VE and Anderson. (R. 61-63, 171, 228.) *See* U.S. Dep't of Labor, DOT § 211.462-026, 1991 WL 671888 (4th ed. 1991). The descriptions of Anderson's past

9

relevant work by the ALJ and the VE both correspond to the description of check cashier in the DOT.  (R. 61-63.)  Moreover, the VE's testimony and the DOT provide sufficient description of Anderson's past relevant work as a check cashier.  Although the incorrect DOT citation by the ALJ describes an occupation that is light work, whereas Anderson is limited to sedentary work, it was harmless error.  (R. 33-34.)  The ALJ limited Anderson to sedentary work (R. 33), and noted that the check cashier position is generally performed at sedentary exertional level (R. 34).  The ALJ did not find that Anderson could perform her past relevant work as a check cashier at the medium level actually performed, but instead limited the exertional level to sedentary as generally performed in the national economy. (R. 35.) Further, Anderson has not satisfied her burden of proving prejudice derived from this harmless error. [5]  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding "the burden of showing than an error is harmful normally falls upon the party attacking the agency's determination").  Accordingly, the ALJ's harmless error does not warrant reversal of the final decision.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

B. RFC Assessment

Anderson argues that the ALJ committed reversible error by ignoring and discrediting portions of the opinion of Yusef Williams, M.D. ("Dr. Williams").  (Doc. No. 14 at 11-14.)  Anderson makes an "all or nothing" argument. She contends that in a

---

[5] Error is considered harmless if "it did not affect the judge's ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (per curiam) (citing *Diorio*, 721 F.2d at 728).

circumstance where the ALJ determines a doctor's opinion is persuasive, the ALJ's decision is not supported by substantial evidence if he does not either include all of the limitations identified by the doctor in his RFC or explain why he has excluded specific limitations. (*Id.*) Specifically, Anderson contends that the ALJ provided no explanation to support his decision to reject the part of Dr. Williams' findings stating that the "claimant can sit for less than 6 hours per day and has limited reaching with her left arm." (*Id.* at 13.)

The Commissioner responds that the record provides substantial evidence that the parts of Dr. Williams' opinion which were rejected by the ALJ were unsupported by objective medical evidence and were inconsistent with evidence from other medical and nonmedical sources in the record. (Doc. No. 15 at 7.) The Commissioner alternatively argues that Anderson failed to cite any evidence in support of Dr. Williams' opinion that she could sit for less than six hours per day and had a limited ability to reach with her left arm. (*Id.* at 9.)

Anderson presented to Dr. Williams in October of 2018 for a physical RFC assessment. (R. 368.) The medical notes from Dr. Williams establish that Anderson can sit, with normal breaks, for a total of "less than about 5 hours in an 8-hour workday." (R. 369.) Dr. Williams noted that Anderson has "limited ability to raise both arms overhead" and has the limited ability "reaching all directions." (R. 371.) In his analysis of the entire medical record, the ALJ rejected the part of Dr. Williams' opinion that Anderson could sit for less than six hours per day and had a limited ability to reach with her left arm. (R. 34.)

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature

11

and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Treatment notes from acceptable medical sources that include a description of the claimant's symptoms, a diagnosis, and a judgment about the severity of her impairments are medical opinions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (emphasis added).

The regulations governing claims filed on or after March 27, 2017, abandon the requirement that the ALJ must give "good reasons" for the weight given medical opinions and prior administrative medical findings. *See Nix v. Saul*, Case No. 4:20-cv-00790-RDP, 2021 WL 3089309, at *6 (N.D. Ala. July 22, 2021). These regulations now direct the ALJ to evaluate the persuasiveness of each medical source using the five factors: (1) supportability, (2) consistency, (3) length of relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 416.920c(c). The ALJ must explain in his decision how he considered the factors of supportability[6] and consistency[7] in his determination of overall persuasiveness of each source. *Nix*, 2021 WL 3089309, at *6; 20 C.F.R. § 416.920c(b)(2) ("[S]upportability . . . and consistency . . . are [t]he most important

---

[6] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." 20 C.F.R. § 416.920c(c)(1).

[7] "The more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

factors we consider . . . [t]herefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").  The persuasiveness analysis should turn on whether "the medical source's opinion is (1) supported by the source's own records and (2) consistent with other evidence of record."  *Dease v. Kijakazi*, No. 2:20-CV-394-KFP, 2022 WL 428173, at *3 (M.D. Ala. Feb. 11, 2022).  The ALJ is not required to explain how he considered the remaining factors unless he finds two or more medical opinions are equally well-supported and consistent with the record but are not exactly the same.  *Gogel v. Comm'r Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *6 (M.D. Fla. Sept. 20, 2021).

Here, the Court finds that the ALJ's rejection of parts of Dr. Williams' opinion is based on substantial evidence.  The ALJ found that Anderson had the RFC to perform sedentary work but was limited to certain functional limitations, including an inability to reach overhead with her right arm.  (R. 33.)  This restriction is similar to Dr. Williams' note that Anderson has limited ability to raise her arms overhead.  (R. 371.)  Though Dr. Williams also suggested that Anderson could sit for less than six hours per day and had a limited ability to reach with her left arm, there is no evidence before the Court which establishes that omission of those restrictions would affect the ALJ's ultimate determination or change the ALJ's decision in any way.  *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) ("Although the ALJ did not explicitly state what weight he afforded the [medical] opinions . . . none of [the] opinions directly contradicted the ALJ's findings . . .").  When Dr. Williams examined Anderson, he found

normal muscle tone and strength; no tenderness, bony abnormalities, or edema and normal movement in all her extremities; normal gait and station; and intact sensation.  (R. 347-48.)  None of these objective findings suggest that Anderson is unable to sit while performing sedentary work or that she had limitations on using her left arm for it to be present in the ALJ's RFC findings.  (R. 33.)  The objective medical findings of additional doctors and medical professionals who also examined and treated Anderson were normal and unremarkable.  (R. 284-85, 288-89, 291, 294-95, 297-98, 330.)

Furthermore, Anderson does not show how the objective medical findings of Dr. Williams, or any other medical source, supported Dr. Williams' opinion that Anderson could sit for less than six hours per day and had a limited ability to reach with her left arm. *Tillman v. Comm'r, Soc. Sec. Adm*., 559 F. App'x 975 (11th Cir. 2014).  While Anderson finds the ALJ's rejection conclusory, she does not direct the Court to evidence to support her argument.

Given the evidence of record, substantial evidence supports the ALJ's decision to reject the part of Dr. Williams' opinion mentioned above.  (R. 34.)  Therefore, the relevant evidence was properly considered, and the ALJ was sufficient in performing his duty as the trier of fact of weighing and resolving any conflicts in the evidence. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## VI.   CONCLUSION

After review of the administrative record, and considering all of Anderson's arguments, the Court finds the Commissioner's decision to deny her disability is supported by substantial evidence and is in accordance with applicable law.  Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 24th day of August, 2022.


JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE